# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,        )
)
v.             )       ID No.      1704000609
)
DOUGLAS WRIGHT,        )
)
Defendant.        )

## <u>ORDER</u>

1. On this 20th day of March, 2024, upon consideration of Defendant Douglas Wright's ("Defendant") *pro se* Motion for Correction of an Illegal Sentence (the "Motion") made pursuant to Superior Court Rule of Criminal Procedure 35(a),[1] the sentence imposed upon Defendant, and the record in this case, it appears to the Court that:

2. On October 30, 2017, Defendant pled guilty to Aggravated Menacing and Strangulation.[2] On January 19, 2018, the Court sentenced him to (1) Aggravated Menacing, five years of Level V supervision, suspended after two years for six months of Level IV supervision, followed by two years of Level III supervision, and (2) Strangulation, three years of Level V supervision, suspended after one year for two years of Level III supervision.

---

[1] D.I. 48. Defendant also makes arguments for sentence reduction pursuant to Rule 35(b) in the Motion.
[2] D.I. 6.

3. On September 12, 2018, Defendant filed a *pro se* motion for sentence modification in this Court, in which he requested a review of his sentence on the basis that he completed certain treatment programs.[3] On December 3, 2018, the Court denied Defendant's motion.[4]

4. On January 7, 2020, the Delaware Department of Correction ("DOC") asserted that Defendant had violated the terms of his probation by allegedly breaching the no contact condition of his sentence on that same day.[5] On January 16, 2020, after finding that Defendant had violated his probation, the Court sentenced him to (1) Strangulation, two years of Level V supervision, suspended after six months for six months of Level IV supervision, followed by one year of Level III supervision,[6] and (2) Aggravated Menacing, two years of Level V supervision, followed by one year of Level III supervision.[7]

5. On May 5, 2021, the DOC filed another violation report, asserting that Defendant had violated the terms of his probation by allegedly breaching the no contact condition of his sentence on May 1, 2021.[8] In the interim, on May 17, 2021,

---

[3] D.I. 11.
[4] D.I. 12.
[5] D.I. 13.
[6] D.I. 17. Defendant was conditionally released 112 days prior to the expiration of his one year unsuspended Level V sentence. Upon this violation, he was resentenced to the remaining 112 days. *Id.*
[7] *Id.* On May 25, 2021, the Court modified this sentence order, but the modification did not change the duration of Defendant's sentence. D.I. 23.
[8] D.I. 20.

Defendant filed an unopposed motion to modify the no contact condition of his sentence to no unlawful contact.[9] On May 25, 2021, the Court granted Defendant's motion.[10] On June 15, 2021, the Court found that Defendant had violated the terms of his probation, based on the May 5, 2021 violation report, and sentenced him to (1) Strangulation, one year and six months of Level V supervision, suspended immediately for one year of Level III supervision, and (2) Aggravated Menacing, two years of Level V supervision, suspended immediately for one year of Level III supervision.[11]

6. On May 16, 2022, the DOC asserted that Defendant had violated the terms of his probation by failing to enroll in treatment programs early enough to allow completion prior to his maximum expiration date. On June 15, 2022, the Court found that Defendant had violated the terms of his probation and sentenced him to (1) Aggravated Menacing, one year and six months of Level V supervision, suspended immediately for one year of Level III supervision, and (2) Strangulation, one year and six months of Level V supervision, suspended immediately for one year of Level III supervision.[12]

---

[9] D.I. 21.
[10] D.I. 22.
[11] D.I. 24. On October 5, 2021, the Court modified the sentence order to remove the GPS monitoring requirement for the Level III supervision portion of Defendant's sentence.
[12] D.I. 29.

7. On July 27, 2022, the DOC asserted that Defendant had violated the terms of his probation by testing positive for nonprescribed controlled substances on July 21, 2022, and July 25, 2022, and failing to enroll in Treatment Access Center ("TASC") monitoring.[13] On August 30, 2022, the DOC asserted that Defendant had violated the terms of his probation by testing positive for nonprescribed controlled substances on July 28, 2022, August 4, 2022, August 11, 2022, August 19, 2022, and August 25, 2022, and failing to enroll in domestic violence treatment.[14] On September 14, 2022, the DOC asserted that Defendant had violated the terms of his probation by allegedly committing Assault in the Third Degree during probation, testing positive for nonprescribed controlled substances on September 1, 2022, and September 8, 2022, and allegedly breaching the no contact condition of his sentence. On September 22, 2022, the Court found that Defendant had violated the terms of his probation and sentenced him to (1) Strangulation, one year and six months of Level V supervision, suspended immediately for one year of Level IV supervision, followed by one year of Level III supervision, and (2) Aggravated Menacing, one year and six months of Level V supervision, suspended immediately for one year of Level III supervision.

---

[13] D.I. 30.
[14] D.I. 2.

8. On October 31, 2023, the DOC asserted that Defendant had violated the terms of his probation by testing positive for nonprescribed controlled substances on October 4, 2023, and October 23, 2023, failing to report to TASC and comply with monitoring requirements, and being terminated from the aftercare program.[15] On November 22, 2023, the Court found that Defendant had violated the terms of his probation and sentenced him to (1) Strangulation, one year and six months of Level V supervision, suspended after six months for one year of Level III supervision, and (2) Aggravated Menacing, one year and six months of Level V supervision, suspended for one year of Level III supervision.[16]

9. On November 30, 2023, Defendant filed the instant Motion, in which he asks this Court to eliminate or reduce his sentence. Defendant argues that the sentence imposed on him is illegal and that it should be reduced for good behavior.[17]

10. First, Defendant argues that, pursuant to Rule 35(a), his sentence is illegal because the quantity of treatment and rehabilitation programs assigned as part of his sentence violates principles of double jeopardy.[18]

11. Pursuant to Rule 35(a), this Court "may correct an illegal sentence at any time." A sentence can be deemed illegal for violation of double jeopardy.[19] The

---

[15] D.I. 41.
[16] D.I. 47.
[17] D.I. 48.
[18] *Id.*
[19] *Flonnory v. State*, 2017 WL 3634216, at *1 (Del. Aug. 23, 2017).

Double Jeopardy Clauses of the United States and Delaware Constitutions "protect a criminal defendant against multiple punishments or successive prosecutions for the same offense."[20] Defendant contends that because he has been assigned to TASC, CHILD, Inc., Brandywine Counseling & Community Services, and aftercare programs, he has been subjected to multiple punishments for the same offense. Defendant's argument, while creative, is specious. Required participation in treatment programs, as part of separate sentencings on numerous violations of probation, does not create multiple punishments or successive prosecutions for the same offense in violation of the Double Jeopardy Clauses. Accordingly, Defendant has not established that the sentence imposed is illegal.

12. Second, Defendant argues that, pursuant to Rule 35(b), his sentence should be reduced because he has participated in treatment and rehabilitation programs and behaved respectfully during the Level V and Level IV supervision portions of his sentence, incurring no disciplinary write-ups. He expresses remorse for his offenses and the desire to end supervision to facilitate his work and support his family.[21]

13. Rule 35(b) provides that the Court can "reduce a sentence of imprisonment on a motion made within 90 days after the sentence is imposed." A

---

[20] *Dickinson v. State*, 2015 WL 783376, at *1 (Del. Feb. 23, 2015) (citing U.S. Const. amend. V; Del. Const. art. I, § 8).
[21] D.I. 48.

timely, non-repetitive Rule 35(b) motion is "essentially a 'plea for leniency.'"[22]  If a defendant's motion for sentence reduction satisfies these procedural requirements, the Court has "broad discretion to decide if it should alter its judgment."[23]  Defendant's Motion was made less than ninety days after he was sentenced for his most recent violation of probation and is his first motion to reduce that sentence, so it is timely and non-repetitive.  With the procedural requirements satisfied, Defendant bears the burden to establish just cause for sentence reduction.[24]  He has failed to satisfy that burden.

14.  After reviewing the Motion, sentence, and record in this case, the Court finds no just cause for sentence correction or reduction.  Defendant's sentence is appropriate for all the reasons stated at the time of sentencing.  Hence, Defendant's Motion is **DENIED.**

**IT IS SO ORDERED.**

/s/ Sheldon K. Rennie

_____

Sheldon K. Rennie, Judge

---

[22] *State v. Panaro*, 2022 WL 4362929, at *1 (Del. Super. Sept. 20, 2022) (quoting *State v. Lewis*, 797 A.2d 1198, 1201 (Del. 2002)).
[23] *State v. Cruz*, 2015 WL 3429939, at *2 (Del. Super. May 26, 2015).
[24] *State v. Smith*, 2021 WL 416394, at *3 (Del. Super. Feb. 8, 2021).